UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSE MIGUEL DE LOS SANTOS-BAEZ, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00022-LEW |
| | ) | |
| DERRICK STAMPER, et al., | ) | |
| | ) | |
| Respondents | ) | |

**<u>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS</u>**

Before the Court is Petitioner Jose Miguel De Los Santos-Beaz's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 3). Through his Petition, Petitioner seeks release from immigration detention. Through his Motion, Petitioner seeks to prevent a transfer of his person out of the State of Maine. Respondent Derrick Stamper, Chief Patrol Agent of the Houlton Sector, U.S. Border Patrol, and the other federal respondents oppose the Petition. For the following reasons, the Petition is deferred and the related Motion for Temporary Restraining Order is granted.

## BACKGROUND

The following background statement is drawn from the Petition, the Return and Response, and exhibits introduced in support of those filings.

Petitioner is a national of the Dominican Republic. According to his Petition, which is verified, in December 2023 Petitioner entered the United States without inspection. Petitioner is married to a United States citizen. DHS previously removed Petitioner from

the United States. Petitioner has not been convicted of a crime that compels his detention and removal. Petitioner's spouse is a United States citizen who has filed a I-130 Petition for Alien Relative with the United States Citizenship and Immigration Services.

On January 14, 2026, U.S. Border Patrol and Immigration and Customs Enforcement agents detained Petitioner near his residence in Wiscasset. Petitioner remains in Maine and is currently detained at Two Bridges Regional Jail. Petitioner asserts that ongoing detention without an opportunity for release on bond violates the Immigration and Nationality Act and the Due Process Clause because he is not presently seeking admission for purposes of 8 U.S.C. § 1225(b)(2).

On January 20, 2026, the Court issued an Order to Show Cause (ECF No. 5) in which it directed the Respondents to address the merits of the Petition. *See* 28 U.S.C. § 2243. In their Response (ECF No. 6), Respondents relate that Petitioner is presently detained by order of this Court, based on criminal proceedings brought against Petitioner for violation of 8 U.S.C. § 1326 ("Reentry of removed aliens"). *See United States v. De Los Santos-Baez*, No. 2:26-mj-00018-KFW, Dkt. 10 (Order of Temporary Detention Pending Hearing Pursuant to Bail Reform Act). Respondents assert that the Petition should be dismissed or stayed given that Petitioner's detention is otherwise authorized. Although invited to reply to the Response, Petitioner declined to do so. As of this date, Petitioner's detention hearing on the criminal charge is set for January 29, 2026. *Id.*, Dkt. 11.

## DISCUSSION

The lawfulness of immigration detention is subject to review by, and unlawful detention is subject to remedy in, a United States District Court under 28 U.S.C. § 2241.

2

The exercise of jurisdiction over this matter is proper because it presents a challenge to the lawfulness of detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Kong v. United States*, 62 F.4th 608, 614 (1st Cir. 2023) (quoting *Aguilar*, 510 F.3d at 11); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021). The petitioner must prove illegal detention by a preponderance of the evidence. *See Aditya W.H. v. Trump*, 2025 WL 1420131, at *7 (D. Minn. 2025) (collecting authority).

At present, Petitioner's detention is compelled by this Court's Order of Temporary Detention. Because Petitioner's detention is lawful, the relief he seeks, immediate release, cannot be granted at this time. However, Petitioner's claim that detention under the Immigration and Nationality Act (INA) is unlawful is not moot (the Government does not argue otherwise), since the INA and the current Administration's construction of it imposes an independent condition of detention that will present a genuine controversy in the event he is released on bail but detained under the INA.[1] Because that is the state of matters, I defer judgment pending the issuance of a final order concerning pretrial detention. To my understanding, Petitioner's argument would be much the same, if not identical, if he is released on bail but detained under the INA. However, Petitioner failed to indicate that he

---

[1] Whether detention under the INA is foreclosed by release on bail under the Bail Reform Act is an interesting question, though no circuit court has forbidden it. *See, e.g.*, *United States v. Ventura*, 96 F.4th 496, 501 (2d Cir. 2024) (citing *United States v. Lett*, 944 F.3d 467 (2d Cir. 2019) (holding that generally INA detention is lawful despite bail)); *Garcia Uranga v. Barr*, No. 20-cv-03162, 2020 WL 4334999, at *3 (D. Kan. July 28, 2020) ("[S]ix Circuit Courts have addressed the interplay of the INA and the BRA, and '[n]o court of appeals ... has concluded that pretrial release precludes pre-removal detention.'" (quoting *United States v. Soriano Nunez*, 928 F.3d 240, 245 (3d Cir.), *cert. denied,* 140 S. Ct. 526 (2019) (collecting cases)); *but see United States v. Resendiz-Guevara*, 145 F. Supp.3d 1128, 1136 (M.D. Fla. 2015) (ruling that the government must make an election and cannot rely on the INA for detention while a federal criminal prosecution is pending) (collecting cases).

was removed once from the United States and reentered without authorization. Furthermore, the Government has not yet presented any argument in opposition to the Petition other than its observation that pretrial detention makes an order of release unnecessary at this time. The Court welcomes supplemental briefing before the January 29 detention hearing if the parties wish to present any alternative or supplemental argument, such as argument concerning the relevance of the prior removal or the fact that Petitioner appears to be seeking admission based on his wife's submission of the I-130 form petition. I have never before addressed what impact these facts could have on the distinctions drawn by this Court between detention under 8 U.S.C. § 1225 and 8 U.S.C. § 1226, and the matter is not briefed by the parties.

However, I grant the Motion for Temporary Restraining Order because the Government, though ordered to respond, failed to oppose Plaintiff's request that the Court enjoin an out-of-state transfer pending a ruling on his Petition. Pursuant to Fed. R. Civ. P. 65(c), ostensibly[2] some security is required. Because it has been the practice of this Court to impose a security in orders granting injunctions, I will impose such a requirement here.

---

[2] As recently explained by Judge Woodcock:

> The First Circuit has previously indicated "there is ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond," *Int'l Ass'n of Machinists & Aerospace Workers v. E. Airlines, Inc.*, 925 F.2d 6, 9 (1st Cir. 1991) (collecting cases), but the district courts in this circuit have generally required a bond to be posted. *See WEX Inc. v. HP Inc.*, No. 2:24-cv-00121-JAW, 2024 U.S. Dist. LEXIS 119715, at *99-100 (D. Me. July 9, 2024) (collecting cases). District courts are vested with "wide discretion" to set the amount of the bond. *Axia NetMedia*, 889 F.3d at 11; *accord Totem Forest Prods. v. T & D Timber Prods.*, No. 2:17-cv-00070-JDL, 2017 U.S. Dist. LEXIS 26062, at *5 (D. Me. Feb. 24, 2017) ("The Court has discretion to determine the amount of the security").

*Sitju Garcia v. Stamper*, No. 2:26-cv-00025, 2026 WL 162039, at *2 (D. Me. Jan. 21, 2026).

## CONCLUSION

A final disposition on the Petition for Writ of Habeas Corpus is deferred (ECF No. 1). Petitioner's Motion for Temporary Restraining Order (ECF No. 3) is GRANTED. The case will remain open and the Court's injunction against the removal of Petitioner from the State of Maine will remain in place throughout the pendency of these proceedings.[3] The Court anticipates issuing a prompt order on the Petition even if Petitioner continues to be held pursuant to the Bail Reform Act, but defers the matter in the event supplemental briefing is desired and in case the matter is in fact mooted by Petitioner's release. Petitioner is ordered to pay security per Fed. R. Civ. P. 65(c) in the amount of $12.25. In the meantime, the Court welcomes supplemental briefing before the January 29 detention hearing if the parties wish to present any alternative or supplemental argument.

**SO ORDERED.**

Dated this 23rd day of January, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

---

[3] In the Order to Show Cause, I indicated that "the removal of Petitioner from the State of Maine is HEREBY ENJOINED pending further proceedings so that the Court can assess the merits of the petition." OSC (ECF No. 5). That injunction was intended to be of limited duration to provide an opportunity to assess the Petition and, importantly, any response and reply, to determine if any further relief is warranted. Because I have reviewed all the briefing the parties initially offered, I find it appropriate to replace that injunction with one that more clearly states that removal of Petitioner from Maine is enjoined so long as the habeas proceedings remain pending in this Court.