UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSE MIGUEL DE LOS SANTOS-BAEZ, | ) ) ) | |
| Petitioner | ) ) | |
| v. | ) ) | No. 2:26-cv-00022-LEW |
| DERRICK STAMPER, et al., | ) ) ) | |
| Respondents | ) | |

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jose Miguel De Los Santos-Beaz's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 3). Petitioner seeks release from immigration detention. Respondent Derrick Stamper, Chief Patrol Agent of the Houlton Sector, U.S. Border Patrol, and the other federal respondents oppose the Petition. For the following reasons, the Petition is denied and the existing injunction is lifted.[1]

## BACKGROUND

The following background statement is drawn from the Petition, the Return and Response, the Respondents' Supplemental Brief, exhibits introduced in support of those

---

[1] Neither party has requested a hearing. *See also Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (finding that although 28 U.S.C. § 2243 requires the court to "summarily hear and determine the facts," the court need not hold an evidentiary hearing "[w]here the [habeas] petitioner raises only questions of law, or questions regarding the legal implications of undisputed facts") (collecting case).

filings, and the Court's docket in this case and in the matter of *United States v. De Los Santos-Baez*, No. 2:26-mj-00018-KFW.

Petitioner is a national of the Dominican Republic. According to his Petition, in December 2023 Petitioner entered the United States without inspection. Petitioner is married to a United States citizen.[2]

In November 2022, DHS removed Petitioner from the United States following a prior unlawful attempt to enter the United States in Puerto Rico. The Removal Notice (ECF No. 10-1) informed Petitioner that he was prohibited from returning to the United States for a period of five years. Petitioner returned within that five-year period and took up residence in Wiscasset, Maine.

On January 14, 2026, U.S. Border Patrol and Immigration and Customs Enforcement agents detained Petitioner near his residence, pursuant to an administrative warrant. Petitioner remains in Maine and is currently detained at Two Bridges Regional Jail. Petitioner asserts that ongoing detention without an opportunity for release on bond violates the Immigration and Nationality Act, specifically 8 U.S.C. § 1226(a), because he is not presently "seeking admission" for purposes of 8 U.S.C. § 1225(b)(2).

On January 20, 2026, the Court issued an Order to Show Cause (ECF No. 5) in which it directed the Respondents to address the merits of the Petition. *See* 28 U.S.C. § 2243. In their Response (ECF No. 6), Respondents informed the Court that Petitioner

---

[2] Petitioner's spouse has filed a I-130 Petition for Alien Relative with the United States Citizenship and Immigration Services. The I-130 Petition is an effort to change Petitioner's status but does not on its own change Petitioner's status.

previously was removed from the United States and that Petitioner was currently detained by order of this Court in connection with a separate criminal proceeding brought against Petitioner for violation of 8 U.S.C. § 1326 ("Reentry of removed aliens"). *See United States v. De Los Santos-Baez*, No. 2:26-mj-00018-KFW, Dkt. 10 (Order of Temporary Detention Pending Hearing Pursuant to Bail Reform Act).

I deferred action on the Petition in light of the criminal detention. However, I issued a temporary restraining order limited to enjoining the removal of Petitioner from the State of Maine. (*See* Order, ECF No. 7.)

The Court conducted a detention hearing in the criminal matter on February 6 and determined that release on bond and conditions was appropriate.[3] *United States v. Do Los Santos-Baez*, No. 2:26-mj-00018-KFW-1 (ECF Nos. 20, 21). Following this development, Immigration and Customs Enforcement took Petitioner into custody. The Respondents filed a Supplemental Brief to justify the immigration detention. Though afforded an opportunity to file a supplemental brief, Petitioner has not done so.

## DISCUSSION

The lawfulness of immigration detention is subject to review by, and unlawful detention is subject to remedy in, a United States District Court under 28 U.S.C. § 2241.

---

[3] I conclude that detention under the INA is not barred by this Court's decision to release Petitioner on bail under the Bail Reform Act in connection with the separate criminal matter. *See United States v. Ventura*, 96 F.4th 496, 501 (2d Cir. 2024) (citing *United States v. Lett*, 944 F.3d 467 (2d Cir. 2019) (holding that generally INA detention is lawful despite bail)); *Garcia Uranga v. Barr*, No. 20-cv-03162, 2020 WL 4334999, at *3 (D. Kan. July 28, 2020) ("[S]ix Circuit Courts have addressed the interplay of the INA and the BRA, and '[n]o court of appeals ... has concluded that pretrial release precludes pre-removal detention.'" (quoting *United States v. Soriano Nunez*, 928 F.3d 240, 245 (3d Cir.), *cert. denied,* 140 S. Ct. 526 (2019) (collecting cases)).

The exercise of jurisdiction over this matter is proper because it presents a challenge to the lawfulness of detention and does not otherwise challenge the underlying removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Kong v. United States*, 62 F.4th 608, 614 (1st Cir. 2023) (quoting *Aguilar*, 510 F.3d at 11); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021). The petitioner must prove illegal detention by a preponderance of the evidence. *See Aditya W.H. v. Trump*, 2025 WL 1420131, at *7 (D. Minn. 2025) (collecting authority).

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. am. V. The Fifth Amendment applies to aliens facing removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). However, the Fifth Amendment does not indiscriminately entitle noncitizens to release on bond or parole pending removal. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 111, 140 (2020); *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

Petitioner contends he is entitled to a pre-removal bond hearing under 8 U.S.C. § 1226(a) so that he can enjoy his liberty pending the conclusion of removal proceedings. However, § 1226 does not apply to Petitioner. The Immigration and Nationality Act contains a special provision governing the removal of noncitizens previously removed from the Unites States who are once again unlawfully present in the United States. In 8 U.S.C. § 1231, Congress authorized expedited process for such individuals on the basis of their prior removal orders, as follows:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original

4

date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). By virtue of Petitioner's prior removal and reentry, he is not eligible for relief from removal and is subject to removal under the prior removal order. *Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021); *G.P. v. Garland*, 103 F.4th 898, 900 (1st Cir. 2024). Because Petitioner's detention is authorized under a prior removal order, his detention is governed by 8 U.S.C. § 1231, *Guzman Chavez*, 594 U.S. at 533, and is mandatory during the removal period, *G.P.*, 103 F.4th at 900 (citing 8 U.S.C. § 1231(a)(2)).

Based on the statutory framework, I conclude that Petitioner's request for release under 8 U.S.C. § 1226(a) is improper and that the immigration detention that Petitioner presently is subject to is consistent with the INA and the Due Process Clause. *See de Araujo v. Noem*, No. 25-cv-13439, 2025 WL 3719675, at *2 (D. Mass. Dec. 23, 2025).

## CONCLUSION

For the foregoing reasons, the Petition is DENIED (ECF No. 1). The prior injunction is lifted.

**SO ORDERED.**

Dated this 10th day of February, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge